United States Bankruptcy Court

Middle District of Pennsylvania

In re:      Case No. 22-01795-MJC

Cheryl Lenor Myers      Chapter 13

     Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-5      User: AutoDocke      Page 1 of 2
Date Rcvd: Feb 06, 2023      Form ID: pdf002      Total Noticed: 14

The following symbols are used throughout this certificate:
**Symbol    Definition**
+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 08, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Cheryl Lenor Myers, 22 Machell Drive, Dallas, PA 18612-1611 |
| 5496576 | + | Elite Revenue Solutions, 200 North River Street, Wilkes Barre, PA 18711-1004 |
| 5496577 | + | Luzerne County Tax Claim, Luzerne County Courthouse, 200 N River Street, Wilkes Barre, PA 18711-1001 |
| 5496581 | | UGI Utilities, Inc, Electric Service, P O Box 15503, Wilmington, DE 19886-5503 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/PDF: rmscedi@recoverycorp.com | Feb 06 2023 18:49:51 | PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 5496578 | | Email/Text: camanagement@mtb.com | Feb 06 2023 18:37:00 | M & T Bank, P O Box 619063, Dallas, TX 75261-9063 |
| 5496579 | | Email/Text: camanagement@mtb.com | Feb 06 2023 18:37:00 | M & T Bank, P O Box 1288, Buffalo, NY 14240 |
| 5501972 | | Email/Text: camanagement@mtb.com | Feb 06 2023 18:37:00 | M&T Bank, P.O. Box 840, Buffalo, NY 14240-0840 |
| 5499804 | + | Email/Text: camanagement@mtb.com | Feb 06 2023 18:37:00 | M&T Bank, PO Box 1508, Buffalo, NY 14240-1508 |
| 5496944 | + | Email/Text: RVSVCBICNOTICE1@state.pa.us | Feb 06 2023 18:37:00 | Pennsylvania Department of Revenue, Bankruptcy Division PO BOX 280946, Harrisburg, PA 17128-0946 |
| 5499961 | + | Email/Text: enotifications@santanderconsumerusa.com | Feb 06 2023 18:37:00 | SANTANDER CONSUMER USA, P.O. Box 560284, Dallas, TX 75356-0284 |
| 5496580 | + | Email/Text: DeftBkr@santander.us | Feb 06 2023 18:37:00 | Santander Bank, 75 State Street, Boston, MA 02109-1827 |
| 5496661 | + | Email/PDF: gecsedi@recoverycorp.com | Feb 06 2023 18:39:17 | Synchrony Bank, c/o PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 5502027 | | Email/Text: bkrcy@ugi.com | Feb 06 2023 18:37:00 | UGI Utilities, Inc., PO Box 13009, Reading, PA 19612 |

TOTAL: 10

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities**

in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 08, 2023     Signature:     /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 6, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Brian Nicholas | on behalf of Creditor M&T BANK bnicholas@kmllawgroup.com |
| Denise E. Carlon | on behalf of Creditor M&T BANK bkgroup@kmllawgroup.com  bkgroup@kmllawgroup.com |
| Jack N Zaharopoulos | TWecf@pamd13trustee.com |
| Kevin M Walsh | on behalf of Debtor 1 Cheryl Lenor Myers KMWesq@aol.com  law297@aol.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 5

# LOCAL BANKRUPTCY FORM 3015-1

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
**Cheryl Lenor Myers**

**Debtor(s)**

CHAPTER: 13

CASE NO. 5:22-BK-01795

☒ ORIGINAL PLAN
☐ AMENDED PLAN (indicate #)
0    Number of Motions to Avoid Liens
0    Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. <u>Plan Payments From Future Income</u>

   1. To date, the Debtor paid $ 0 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ ?? plus other payments and property stated in § 1B below:

   | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
   |---|---|---|---|---|---|
   | Nov 2022 | Oct 2027 | 1870.92 | 0 | 1870.92 | 112,255.20 |
   |  |  |  |  |  |  |
   |  |  |  |  |  |  |
   |  |  |  |  |  |  |
   |  |  |  |  |  |  |
   |  |  |  |  | Total Payments: | 112,255.20 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

   3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

   4. *Check One:*
      ☒ Debtor is at or under median income.

   B. <u>Additional Plan Funding From Liquidation of Assets/Other</u>

   1. The Debtor estimates that the liquidation value of this estate is $ 40,000.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

      *Check one of the following two lines:*

☒ No assets will be liquidated. *If this is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ Enter text here from the sale of property known and designated as Enter text here. All sales shall be completed by Date. If the property does not sell by the date specified, then the disposition of the property shall be as follows: Enter text here

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: Debtor shall have the right or option to sell at about fair market value the lot adj to 4 Warren Drive to pay down the M and T mtg on 4 Warren Drive.

**2. SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check One:*

☒ None.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check One:*

☐ None.
*If this is checked, the rest of § 2.B need not be completed or reproduced.*

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| M & T Bank | Mtg at 22 Machell Drive | |
| M & T Bank | Mtg heloc at 4 Warren Drive, Dallas(?5327) | ..4998 |

3

| | | |
|---|---|---|
| Santander Consumer USA | Lien on 2017 Dodge Grand Caravan | .. |
| | | |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check One:*

☐ None.
*If this is checked, the rest of § 2.C need not be completed or reproduced.*

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| | | | | |
| M & T Bank | 4 Warren Drive As per allowed poc | 1826.00 | | 1826.00 |
| Santander Bank | 2017 Dodge Van | 775.12 | | 775.12 |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)** *Check One:*

☐ None.
*If this is checked, the rest of § 2.D need not be completed or reproduced.*

☒ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or

4

(b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Luz Cty Tax Claim Elite Revenue | Peacock Lane Lot 22A | 6038.69 | 9 | 7520.34 |
| Luz Cty Tax Claim Elite Revenue | Ridge Ave Lot 23 | 11,031.86 | 9 | 13,740.34 |
| Luz Cty Tax Claim/Northeast Revenue | 4 Carnation Ridge Ave Lot 24 | 28,213.49 | 9 | 35,140.54 |
| Luz Cty Tax Claim/Northeast Revenue | 4 Warren Lot 7 Adj Warren Lot 8 | 27,565.28 6,885.24 | 9 9 | 34,332.31 8,576.52 |
| | | | | 99,310.05 |

E. **Secured claims for which a § 506 valuation is applicable.** *Check One:*

☑ None.

F. **Surrender of Collateral.** *Check One:*

☑ None.

5

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens*. *Check One:*

- ☑ None.

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. Attorney's fees. Complete only one of the following options:

      a. In addition to the retainer of $ pdcosts +_1000.00 already paid by the Debtor, the amount of $ 3000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $ Enter text here per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one:*

      - ☑ None.

   B. **Priority Claims (including certain Domestic Support Obligations).**

   Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |
|  |  |

6

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one:*

☑ None.

4. **UNSECURED CLAIMS.**

    A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one:*

    ☑ None.

    B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one:*

    ☐ None.
    *If this is checked, the rest of § 5 need not be completed or reproduced.*

    ☒ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| 2 tenant leases | mnth to mnth | | | | | assume |
| | | | | | | |
| | | | | | | |

6. **VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☐ plan confirmation.
☒ entry of discharge.
☐ closing of case.

7

7. **DISCHARGE:** *(Check one)*

   ☒ The debtor will seek a discharge pursuant to § 1328(a).
   ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

   If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

   Payments from the plan will be made by the Trustee in the following order:

   Level 1: Enter text here

   Level 2: Enter text here

   Level 3: Enter text here

   Level 4: Enter text here

   Level 5: Enter text here

   Level 6: Enter text here

   Level 7: Enter text here

   Level 8: Enter text here

   *If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

   Level 1: Adequate protection payments.
   Level 2: Debtor's attorney's fees.
   Level 3: Domestic Support Obligations.
   Level 4: Priority claims, pro rata.
   Level 5: Secured claims, pro rata.
   Level 6: Specially classified unsecured claims.
   Level 7: Timely filed general unsecured claims.
   Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS.**
Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

   Debtor reserves the right to sell real estate to payoff secured claims and/or to fund plan obligations.

Debtor reserves the right to object to proof of claims.
Debtor may pre-pay plan obligations in whole or part.

OP- 2C 1826. + 775.12 + 2D 99,310.05 + 3A2a 3,000.00=104,911.17 + 7%=112,254.96/60 - 1870.92

Dated: October 17, 2022                          /s/ Kevin M Walsh, Esquire
                                                 Attorney for Debtor

                                                 Enter text here
                                                 Debtor

                                                 /s/ Cheryl Lynn Myers
                                                 Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.